PHI ZETA OF THE LAMBDA CHI ALPHA FRATERNITY, A CORPORATION, PROSECUTOR, v. THE CITY OF NEW BRUNSWICK, A MUNICIPAL CORPORATION, AND JOHN L. SNITZLER, COLLECTOR OF TAXES OF THE CITY OF NEW BRUNSWICK, RESPONDENTS.

Submitted May 2, 1939—Decided October 4, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *James L. Handford* (*Russell Fleming*, of counsel).

For the respondents, *Paul W. Ewing*.

The opinion of the court was delivered by

PARKER, J.   The writ brings up the assessments of taxes on real and personal property of the prosecutor for 1937, 1938 and 1939.   The return consists merely of a schedule of those taxes.   It is asserted in the reasons that by virtue of the supplement of 1936 to the Tax act (*Pamph. L.* 1936, *p.* 129; *R. S.* 54:4-3.26) prosecutor's property is exempt as being that of a fraternal association on the lodge plan, not conducted for profit; and further claimed that the amendment of 1937, page 412 (*i. e.*, the second paragraph of *R. S.* 54:4-3.26) excepting from such exemption the property of college clubs, college lodges, or college fraternities, is unconstitutional.

The return, as has been said, consists only of a schedule of the taxes.   To supplement it, and to support the claim of exemption contained in the reasons, the case contains only a

stipulation by the attorneys of the parties, entered into without any rule of court to authorize it. This is not correct practice as has been held a number of times. *Houman* v. *Schulster*, 60 *N. J. L.* 132; *Frascella* v. *Board*, 79 *Atl. Rep.* 1063 (no official report), and cases cited. We have serious doubts, moreover, in this particular case, of the advisability of a stipulation of facts which may, if accepted, result in depriving the public of tax revenue to which it is normally entitled. A stipulation necessarily contains no more than counsel agree to put into it, and while we do not for a moment question the good intentions of counsel, a stipulation prevents any independent examination by a judicial officer or body, and where the public is concerned may well fail to disclose facts relevant and important. And, indeed, we have difficulty in understanding why these present claims of exemption were not made before the statutory tribunals before coming here. Long before the days of county boards of taxation and state boards of taxation, our courts discouraged a direct review by the Supreme Court, not only in cases of alleged excessive valuation, but even in cases where there was a claim of absolute exemption. In 1852 in the case of *State* v. *Bentley*, 23 *N. J. L.* 532 (at *p.* 534), Mr. Justice Elmer said: "As a general rule, I think a *certiorari* ought not to be allowed, even for the decision of legal questions arising upon the tax laws, until there has been an appeal;" and in the same case (at *p.* 543) Mr. Justice Potts said: "It is eminently proper that, in all cases of complaint in matters of assessment, the party considering himself aggrieved should first apply to the commissioners of appeal for relief. The legislature have constituted this body a court of appeal in cases of unjust assessments, and have clothed it with ample powers to hear and determine such appeals in a speedy and effectual manner."

In the year 1897 under the more recent legislation, the case of Alpine Masonic Temple Association came before this court upon a claim for exemption of property belonging to a Masonic organization, and the record of that case shows that there was an appeal to the Bergen County Board of Taxation and a further appeal to the State Board of Tax Appeals, and that a considerable volume of testimony was taken before that

board, as well as by deposition. The case is reported in 15 *N. J. Mis. R.* 275; 190 *Atl. Rep.* 782.

In the case of *Rosen* v. *Paterson,* 14 *N. J. Mis. R.* 655, an application for *certiorari* to review taxes made directly to the Supreme Court, that court denied the writ, saying: "This is an attempt to review the assessment directly by *certiorari* without first taking an appeal to the County Board of Taxation and the State Board of Tax Appeals. We are of the opinion that the statutory method of review should be followed before the allowance of the discretionary writ of this court."

There is still another difficulty with regard to the stipulation in the present case which is, in our judgment, important. With regard to the status of the prosecutor, the stipulation merely says in part: "The prosecutor is and has been for many years last past, a fraternal organization or an association or society organized on the lodge plan. It is a corporation of the State of New Jersey organized under an act entitled 'An act to incorporate associations not for pecuniary profit' approved April 21st, 1898, and the various supplements thereof and amendments thereto."

No copy of a certificate of incorporation is included in the state of the case, nor a copy of any by-laws for the regulation of the prosecutor corporation. The stipulation contains certain general statements that the property is used by a fraternal organization or an association or society organized on the lodge plan and fraternal in character, but it may perhaps be read between the lines that the prosecutor is a college Greek letter society supported by dues from its members and having bedrooms available to them at a suitable charge.

If the stipulation should be accepted at its face value, we do not think it sufficient to make out a meritorious case for exemption under the statute. This being so, it becomes unnecessary to go into the legal questions raised touching the validity of the amendments to the Taxing act relating to exemption.

The writ of *certiorari* will be dismissed; without prejudice, however, to the taking of an appeal or appeals to the county board where the time limit for taking such appeals has not expired.